**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| CINTHIA COLLINS, n/k/a CINTHIA MARSHALL,<br><br>    Plaintiff,<br><br>vs.<br><br>CHICAGO INVESTMENT GROUP, LLC,<br><br>    Defendant. | 2:11-CV-01105-ECR-GWF<br><br>**Order** |

    This action is an appeal from an arbitration decision made by the Financial Industry Regulatory Authority ("FINRA"). Now pending before the Court is Plaintiff's Motion to Vacate (#1). The motion is ripe and we now rule on it.

**I. Background**

    Plaintiff, a former employee of Defendant, executed a FINRA Arbitration Submission Agreement (#6-A) on November 11, 2009. On June 9, 2011, a FINRA Arbitrator in Chicago, Illinois entered an award in favor of Defendant and against Plaintiff, holding Plaintiff liable for $28,000 in compensatory damages and dismissing her counterclaim. (FINRA Arbitration Order (#6-B).)

On July 5, 2011, Plaintiff filed a motion to vacate (#1) the arbitration award in this Court.  Defendant responded (#6) on August 15, 2011.  Plaintiff did not reply.

## II. Legal Standard

The burden of establishing grounds for vacating an arbitration award is on the party seeking vacatur.  U.S. Life Ins. Co. v. Superior Nat'l Ins. Co., 591 F.3d 1167, 1173 (9th Cir. 2010). Review of the award is "both limited and highly deferential." Poweragent Inc. v. Elec. Data. Sys. Corp., 358 F.3d 1187, 1193 (9th Cir. 2004).  Indeed, pursuant to the Federal Arbitration Act ("FAA), federal courts may only vacate arbitration awards in very limited circumstances.  FAA section 10 permits vacatur only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Kyocera v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 997 (9th Cir. 2003) (quoting 9 U.S.C. § 10(a)).

The Ninth Circuit has further clarified that arbitrators "exceed their powers" when the award is (1) "completely irrational"

2

or (2) exhibits a "manifest disregard of the law." Id. Absent such complete irrationality or manifest disregard of the law, "[n]either erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA], which is unambiguous in that regard." Id. at 994. The completely irrational standard is extremely narrow and is satisfied only where the arbitration decision fails to draw its essence from the contract at issue. Bosack v. Soward, 586 F.3d 1096, 1106 (9th Cir. 2009). With regard to demonstrating a manifest disregard of the law, "the moving party must show that the arbitrator understood and correctly state the law, but proceeded to disregard the same." Collins v. D.R. Horton, Inc., 505 F.3d 874, 879 (9th Cir. 2007) (internal quotation marks and citation omitted).

### III. Discussion

Plaintiff argues that the arbitration award was improper and should be vacated for the following reasons: (1) the arbitrator abused his discretion in granting Defendant's motion to change the arbitral venue from Las Vegas, Nevada to Chicago, Illinois; (2) the arbitrator came to the wrong substantive decision; (3) the arbitrator erroneously characterized the sum alleged due and owing as a loan; (4) Defendant owes Plaintiff payment for her services during May, 2009.

As is apparent from Plaintiff's arguments, Plaintiff seeks to re-litigate the issues decided by the arbitrator. Significantly, Plaintiff has failed to provide an appropriate basis for vacatur

3

under the FAA: Plaintiff has not argued that the award was procured by fraud, corruption, or undue means, nor that the arbitrator was evidently partial or corrupt, nor that the arbitrator was guilty of misconduct.  To the extent that Plaintiff argues that the arbitrator exceed his power in changing venue to Chicago, Illinois and in making the award, Plaintiff cannot show the award was "completely irrational" or exhibits a "manifest disregard of the law."  See Kyocera, 341 F.3d at 997.  In performing its own review of the FINRA Arbitration Order (#6-B), the Court can find no basis to conclude that the award was "completely irrational."  A court cannot vacate an award simply because the court may have interpreted the contract differently.  Bosack, 586 F.3d at 1106.  Likewise, there is no evidence of the arbitrator's "manifest disregard of the law."  See id. at 1104 ("There must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it.").  For these reasons, the arbitration award must stand, as Plaintiff has failed to establish an appropriate basis for vacatur pursuant to the FAA, 9 U.S.C. § 10.

## **IV. Conclusion**

Plaintiff seeks to re-litigate the issues decided in arbitration and has therefore failed to meet her burden of establishing grounds for vacatur of the arbitration award at issue pursuant to the FAA, 9 U.S.C. § 10.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion to vacate (#1) is **DENIED**.

The Clerk shall enter judgment accordingly.

DATED: March 19, 2012.

_____
UNITED STATES DISTRICT JUDGE

5